IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| IN RE:     RE'NE DARNELLE PIERCE and<br>THERESA BROWN PIERCE,<br>        Debtors. | Case No. 10-35404-KRH<br>Chapter 13 |
| RE'NE DARNELLEL PIERCE and<br>THERESA BROWN PIERCE,<br><br>        Plaintiffs,<br>v.<br><br>NEW GENERATIONS FEDERAL CREDIT UNION,<br>formerly known as VaCap Federal Credit Union,<br><br>LARRY DAVIS, Trustee under deed of trust,<br><br>and<br><br>JOANNE MARTIN, Trustee under deed of trust,<br><br>        Defendants. | APN 11-03288-KRH |

**MEMORANDUM OPINION**

Re'Ne Darnelle Pierce and Theresa Brown Pierce (the "Plaintiffs") filed a bankruptcy petition in this Court under Chapter 13 of the Bankruptcy Code on August 4, 2010 (the "Petition Date"). An Order confirming the Plaintiffs' Chapter 13 plan was entered on October 20, 2010 (the "Plan"). More than a year later, this adversary proceeding was brought by the Plaintiffs under 11 U.S.C. § 506(a) and Federal Rule of Bankruptcy Procedure 3012 to determine the validity, priority, and extent of the lien held by New Generations Federal Credit Union, formerly known as VaCap (the "Credit Union"), on the Plaintiffs' residential real property. The question presented in this adversary proceeding is whether the Plaintiffs may strip-off the second priority

deed of trust lien of the Credit Union on their residential real property. Trial was conducted on April 26, 2012, whereupon the Court took the matter under advisement. For the reasons set forth herein, the Court concludes that the Plaintiffs may not strip-off the lien held by New Generations Federal Credit Union because their confirmed Chapter 13 Plan does not provide for the modification of the rights of the Credit Union.[1]

The Court has subject-matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the general order of reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K) and (L), in which final orders or judgments may be entered by a bankruptcy court. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

The Plaintiffs are the owners of real property located at 220 Pilgrim Lane in Henrico County, Virginia. The real property is the principal residence of the Plaintiffs. The Credit Union is the holder of a promissory note executed by the Plaintiffs that is secured by a deed of trust on the Plaintiffs' principal residence. The Plaintiffs' principal residence is also encumbered by a deed of trust that secures a note held by Bank of America with an approximate balance of $246,313.49. The deed of trust lien that secures the promissory note held by the Credit Union is second in priority to the deed of trust lien that secures the promissory note held by Bank America.

The parties dispute the value of the Plaintiffs' principal residence. Plaintiffs contend that the second deed of trust lien in favor of the Credit Union is wholly unsecured and, therefore, that they should be allowed to strip the lien off of their primary residence. The Credit Union

---

[1] This memorandum opinion sets forth the Court's findings of fact and conclusions of law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

maintains that its second deed of trust lien is partially secured by equity in the Plaintiffs' residence and that § 1322(b)(2) of the Bankruptcy Code prevents the Plaintiffs from modifying its undersecured deed of trust lien.

Both the Plaintiffs and the Credit Union introduced credible expert testimony regarding the value of the Plaintiffs' principal residence.  The Plaintiffs' expert concluded that the value of the principal residence as of the Petition Date was not more than $215,000.  As the amount of the claim held by Bank America exceeds this value, Plaintiffs argue that there is no equity in their residence against which the lien in favor of the Credit Union can attach.  The expert witness for the Credit Union testified that the value of the Plaintiffs' real property was $253,000.  The expert witness for the Credit Union acknowledged, however, that his valuation was not as of the Petition Date, but rather represented the current market value of the residence as of January 17, 2012.  He was unable to opine as to the value of the property as of the Petition Date and conceded that he could not dispute the Petition Date valuation of the property by the Plaintiff's expert.  Chief Judge Tice of this Court has previously held that the petition date is the appropriate date to value the Plaintiffs' principal residence in the context of an adversary proceeding to strip-off a lien.  *In re Dean*, 319 B.R. 474 (Bankr. E.D. Va. 2004).  Given the uncontested nature of the evidence as to the value of the Plaintiffs' primary residence as of the Petition Date, and given the undisputed amount of Bank America's secured claim, there would not appear to be any equity in the Plaintiffs' primary residence beyond the first deed of trust lien that encumbers it.

Section 506(a) of the Bankruptcy Code provides:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to

3

> the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim.

11 U.S.C. § 506(a). A lien is void to the extent that it does not secure a claim against a debtor that is an allowed secured claim. 11 U.S.C § 506(d). Plaintiffs assert that, as there is no equity in their residence against which the Credit Union's lien can attach, the Credit Union is wholly unsecured and its lien is void. The Supreme Court has addressed § 506 of the Bankruptcy Code on two occasions. *See Dewsnup v. Timm,* 502 U.S. 410, 112 S.Ct. 773 (1992); *Nobleman v. American Savings Bank,* 508 U.S. 324, 113 S.Ct. 2106 (1993). In both of these cases the Supreme Court held that § 506(d) of the Bankruptcy Code could not be used to bifurcate a partially secured claim to strip the lien down to its secured component. The Supreme Court has not addressed whether a wholly unsecured lien can be stripped-off entirely. In *Ryan v. Homecomings Financial Network,* 253 F.3d 778 (4th Cir. 2001), the Fourth Circuit Court of Appeals did address this issue in the context of a Chapter 7 case holding that a Chapter 7 debtor could not strip-off a wholly unsecured debt on the debtor's primary residence.

A Chapter 13 plan, however, may "modify the rights of holders of secured claims." But this modification provision does not apply to "claim[s] secured only by a security interest in real property that is the debtor's principal residence." 11 U.S.C. § 1322(b)(2). The majority of courts that have considered the wholly unsecured lien issue in the context of Chapter 13 have concluded that a creditor with a lien on property that has no value because the property is fully encumbered by prior liens is not the holder of a secured claim that is entitled to the protection afforded by the anti-modification clause contained in § 1322(b)(2) of the Bankruptcy Code. *See First Mariner Bank v. Johnson,* 411 B.R. 221 (D. Md. 2009), *aff'd* 407 Fed. Appx. 713 (4th Cir. 2011); *SunTrust Bank v. Millard,* 414 B.R. 73 (D. Md. 2009) *aff'd* 404 Fed. Appx. 804 (4th Cir. 2010); *Mitchem v. Branch Banking & Trust Co. (In re Mitchem),* 462 B.R. 608 (W.D. Va. 2011);

4

*In re Tran*, 2010 Bankr. LEXIS 1757 (Bankr. E.D. Va. 2010), *citing Wright v. Commercial Credit Corp. (In re Wright)*, 178 B.R. 703 (E.D. Va. 1995), *appeal dismissed* 77 F.3d 472 (4th Cir. 1996); *Flowers v. First Principal Financial, Inc. (In re Flowers)*, 1999 Bankr. LEXIS 1192 (Bankr. E.D. Va. 1999); *Dean v. LaPlaya Investments, Inc. (In re Dean)*, 319 B.R. 474, 476 (Bankr. E.D. Va. 2004); *First Mariner Bank v. Johnson*, 411 B.R. 221 (D. Md. 2009); *Johnson v. Asset Mortgage Group, LLC*, 226 B.R. 364 (D. Md. 1998); *Bartee v. Terra Colony HOA (In re Bartee)*, 212 F.3d 277, 280 (5th Cir. 2000) ("The Bankruptcy Code's anti-modification provisions do not protect secondary lienholders whose interest is not supported by at least some value in the debtor's principal residence."); *Pond v. Farm Specialist Realty (In re Pond)*, 252 F.3d 122, 126-27 (2nd Cir. 2001); *Lam v. Investors Thrift (In re Lam)*, 211 B.R. 36, 40-41 (BAP 9th Cir. 1997); *In re Geyer*, 203 B.R. 726, 729 (Bankr. S.D. Cal. 1996); *In re Lee*, 177 Bankr. 715, 716 (Bankr. N.D. Ala. 1995); *In re Kidd*, 161 B.R. 769, 770-71 (Bankr. E.D.N.C. 1993). Consistent with this majority view, Chief Judge Tice of this Court has held that a Chapter 13 debtor may strip-off a wholly unsecured lien on the debtor's primary residence. *Whitmore v. Household Financial Services (In re Whitmore)*, 2001 Bankr. LEXIS 2069 (Bankr. E.D. Va. 2001) ("Provided the mortgage lien is wholly unsecured under § 506(a), the lien . . . is not encompassed by the definition of 'secured' by residential property within the scope of § 1322(b)(2)'s anti-modification provision.").

  The Credit Union argues that in this case the Plaintiffs are barred, nevertheless, from stripping-off the Credit Union's lien by the terms of the Chapter 13 Plan confirmed in this case. The Plaintiffs' Plan does not provide for the modification of the Credit Union's deed of trust lien. Rather, the Plaintiffs elected to treat the claim of the Credit Union as fully secured under their plan which stated that the Plaintiffs would retain the property and make all postpetition

5

mortgage payments directly to the Credit Union as those payments ordinarily came due. The Plaintiffs have not filed any postconfirmation modifications to the confirmed plan.

The Plaintiffs argue that, in accordance with established precedent in this circuit, debtors are required to litigate the lien avoidance issue through an adversary proceeding. *See Piedmont Trust Bank v. Linkous (In re Linkous)*, 990 F.2d 160, 163 (4th Cir. 1993) (holding that a secured creditor's due process rights were violated where notice of confirmation hearing failed to specify that the bankruptcy court would also consider security valuation at confirmation hearing); *Cen-Pen Corp. v. Hanson*, 58 F.3d 89 (4th Cir. 1995) (holding that the initiation of an adversary proceeding is a prerequisite to challenging "the validity or existence" of a lien against property of the estate in a Chapter 13 proceeding). *See also* Local Bankruptcy Rule 3015-2(A) (providing that lien avoidance in a Chapter 13 case under any provision of the Bankruptcy Code other than § 522(f) must be by a separate adversary proceeding and requires service of a summons and complaint). *Citing In re Tran*, 2010 Bankr. LEXIS 1757 (Bankr. E.D. Va. 2010), the Plaintiffs argue that the plan serves no substantive purpose other than to provide notice of the debtor's intention to bring an adversary proceeding to strip-off the lien. They contend that it is the adversary proceeding that controls.

This argument ignores the fact that it is § 1322(b)(2) of the Bankruptcy Code that empowers a debtor to modify the rights of holders of secured claims. The Supreme Court's decision in *Dewsnup v. Timm* and the Fourth Circuit's decision in *Ryan v. Homecomings Financial Network* establish that § 506(d) of the Bankruptcy Code is not self-executing. Standing alone, § 506(d) of the Bankruptcy Code does not provide a sufficient basis to avoid a lien. Modification of a secured creditor's lien must be accomplished in connection with the plan

6

confirmation process.[2]  Only after a debtor's Chapter 13 plan allowing for the modification of a wholly unsecured lien has been confirmed does the debtor have the ability to pursue an adversary proceeding to determine the validity, extent, and priority of the lien as modified in the plan.

Furthermore, the Court's order confirming the Plaintiffs' Chapter 13 Plan was a final judgment.  *United Student Aid Funds, Inc. v. Espinosa,* 130 S. Ct. 1367 (2010).  Both the Plaintiffs and the Credit Union are bound by the terms of the confirmed Chapter 13 Plan that treats the Credit Union's claim as fully secured.  11 U.S.C § 1327(a) ("The provisions of a confirmed plan bind the debtor and each creditor. . . .").  Confirmation of the Chapter 13 Plan resolved the issues of classification and treatment of the Credit Union's claim.  *Ford Motor Credit Co. v. Bankruptcy Estate of Parmenter (In re Parmenter)*, 527 F.3d 606, 609 (6th Cir. 2008).  While modification of a confirmed plan under § 1329 of the Bankruptcy Code is permitted in certain circumstances, the Plaintiffs have not proposed to modify their confirmed plan.  The change the Plaintiffs are trying to effect to the treatment of the Credit Union's secured claim comes in the context of an adversary proceeding that is inapposite to the provisions of the Plaintiffs' confirmed Plan.  Not only do the terms of the confirmed Plan fail to authorize the Plaintiffs to modify the secured claim of the Credit Union under §§ 506 and 1322(b)(2) of the Bankruptcy Code, but also the Plaintiffs are bound by the doctrine of *res judicata* to treat the Credit Union as fully secured by the terms of their confirmed Plan.

Barring modification of the Plaintiffs' Chapter 13 Plan to provide for some different treatment of the Credit Union's security interest in the Plaintiffs' principal residence, the

---

[2] While *In re Tran* does state that "confirmation, standing alone, [does] not result in the avoidance or removal of [a] lien," the decision makes clear that it is the confirmed plan that gives the debtor the ability to strip-off a wholly unsecured deed of trust in an ensuing adversary proceeding.  *In re Tran*, 2010 Bankr. LEXIS 1757 (Bankr. E.D. Va. 2010).  In this circuit both a confirmed plan authorizing the lien avoidance action and an adversary proceeding resulting in a judgment avoiding the lien are necessary to strip-off a wholly unsecured deed of trust lien.  *Id.*

Plaintiffs are not entitled to the relief requested in this adversary proceeding. Accordingly, judgment will be entered in favor of the defendants and the action will be dismissed.

A separate order will be entered.

ENTERED: _____

                                            /s/ Kevin R. Huennekens
                              UNITED STATES BANKRUPTCY JUDGE